FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR -5 PM 3: 12

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID GLENN BERRY | CIVIL ACTION |
| VERSUS | NO: 00-0599 |
| BURL CAIN, WARDEN | SECTION "J" (4) |

### ORDER AND REASONS

The Court, having considered the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's objections to the magistrate's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion herein.

Petitioner's argument that the Magistrate Judge misapplied state law in finding that his Campbell[1] claim was procedurally defaulted is without merit. Petitioner argues that La. Code

---

[1] Campbell v. Louisiana, 523 U.S. 392, 118 S. Ct. 1419, 140 L. Ed. 2d 551 (1998).

DATE OF ENTRY
MAR - 6 2001

Process
X Dktd
CtRmDep
Doc.No. 10

Crim. Proc. art. 535(A)(5) allows him to raise jurisdictional defects to his criminal prosecution notwithstanding his failure to file a timely motion to quash. Assuming *arguendo* that article 535(A)(5) does allow such an attack, it is of no help to Petitioner. The state trial court's jurisdiction is not disputed in this case because the crimes at issue occurred in the parish in which Petitioner was prosecuted. See State v. Burnett, 768 So. 2d 783, 789 (La. App. 2d Cir. 2000). Petitioner's argument that a potential Campbell defect deprives a state criminal court of jurisdiction so as to trigger article 535(A)(5) has no legal support.

Accordingly;

**IT IS ORDERED** that Petitioner's objections to the Report and Recommendation should be and are hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that David Glenn Berry's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 should be and is hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 5th day of March, 2001.

UNITED STATES DISTRICT JUDGE